UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRETT WALTERS, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>WAL-MART, and BENJAMIN BROWDEN, )<br>)<br>Defendants ) | CAUSE NO. 1:12-CV-060 RM |

OPINION AND ORDER

Brett Walters, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under RULE 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). Still, a "document filed *pro se* is to be liberally construed, and a *pro*

*se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Walters alleges that Benjamin Browden, a Wal-Mart employee, pushed him in the chest and prevented him from leaving the store. He alleges that later, when he was fighting with the police, Mr. Browden grabbed his leg. Mr. Walters alleges that these actions violated Wal-Mart policy. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). This complaint alleges neither the violation of a federal constitutional right, nor that the defendants were acting under color of state law.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: March  8 , 2012                     /s/ Robert L. Miller, Jr.
                                             Judge,
                                             United States District Court

cc: B. Walters